IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN M.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23 C 3177 |
| v. ) | |
| ) | Magistrate Judge |
| COMMISSIONER OF THE ) | Maria Valdez |
| SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Steven M.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On September 15, 2017, Plaintiff filed a claim for DIB, alleging disability since April 4, 2017. Plaintiff's claim was denied throughout the administrative stages, after which he timely appealed to this Court. Finding error, the Court remanded the matter on February 9, 2022. A telephonic remand hearing before an Administrative Law Judge ("ALJ") was held on November 22, 2022, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On February 10, 2023, the ALJ again denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's February 10, 2023 decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

In the ALJ's February 10, 2023 decision, Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 4, 2017. At step two, the ALJ concluded that Plaintiff had the following

severe impairments: traumatic brain injury; history of cerebral vascular accident (CVA) secondary to gunshot wound; seizure disorder; degenerative disc disease of the cervical spine and lumbar spine; depression; anxiety; and post-traumatic stress disorder (PTSD). The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work such that he was limited to lifting/carrying 20 pounds occasionally and 10 pounds frequently; standing/walking for 6 hours in an 8-hour workday; sitting for 6 hours in an 8-hour workday; and pushing/pulling as much as he could lift/carry. The ALJ further found that Plaintiff was subject to the following additional limitations: is limited to occasionally reaching overhead bilaterally; is limited to frequently reaching in all other directions bilaterally; is limited to frequently handling, fingering, and feeling with the left hand; is limited to frequently climbing ramps and stairs; is limited to occasionally climbing ladders, ropes, or scaffolds; is limited to frequently stooping, kneeling, crouching, and crawling; is limited to never working at unprotected heights; is limited to occasionally working around moving, mechanical parts; is limited to occasionally operating a motor vehicle; is limited to occasionally working outside; is limited to occasionally working in extreme cold, in extreme heat, or in vibration; is limited to understanding, remembering, and carrying out detailed but not complex tasks; is limited to frequently interacting with supervisors; and is limited to occasionally interacting with co-workers and the public.

3

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a chemical operator, store laborer, or inspector general. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three,

4

precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also*

5

*Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

6

1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ's decision failed to address Plaintiff's diagnosed neurocognitive disorder; and (2) the ALJ failed to properly account for Plaintiff's moderate limitations in concentrating, persisting, and maintaining pace. Plaintiff also argues that an updated medical expert review is necessary in light of evidence that has accrued since the last State agency review. Pertinent to Plaintiff's latter argument, the Seventh Circuit has stated repeatedly that an ALJ may not "play[] doctor and interpret new and potentially decisive medical evidence without medical scrutiny." *McHenry v. Berryhill*, 911 F.3d 866, 871 (7th Cir. 2018) (internal quotations omitted). Consistent with that rule, "[a]n ALJ should not rely on an outdated assessment if later evidence containing new, significant medical diagnoses reasonably could have changed the reviewing physician's opinion." *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018) (citations omitted). The issue comes down to whether new information "changed the picture" to an extent that the ALJ erred by continuing to rely on an outdated expert assessment and by evaluating herself the significance of the new medical information. *See Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016); *see also Massaglia v. Saul*, 805 F. App'x 406, 410 (7th Cir. 2020) ("An ALJ may rely on a reviewing physician's assessment unless

7

later evidence containing new, significant medical diagnoses 'changed the picture so much' that it reasonably could have changed the reviewing physician's opinion.") (citation omitted).

In this case, the ALJ assessed the opinions of the State agency consultants at length in her decision. (R. 1315-18.) However, the last State agency review of the evidence occurred in July 2018. It is readily apparent that a substantial amount of additional medical evidence has been amassed since that time. For instance, the ALJ's decision referenced a May 2019 CT scan of Plaintiff's head that revealed "right frontal craniotomy, and encephalomalacia" and the ALJ also noted that "CT scans of the head in January 2020 and September 2022 revealed no acute intracranial changes." (*Id.* at 1310.) The ALJ further noted that a "CT scan of the lumbar spine in October 2020 revealed a straightening of lumbar lordosis and multilevel disc bulges." (*Id.* at 1311.) The ALJ erred by assessing this and a wealth of other new medical evidence without the aid of medical experts. *See Kemplen v. Saul*, 844 F. App'x 883, 887 (7th Cir. 2021) ("Although a close question, we conclude that the ALJ erred by not soliciting an updated medical opinion interpreting Kemplen's July and September 2017 X-rays.").

For her responsive argument, Defendant contends that "[t]he ALJ reasonably exercised her judicial discretion and declined to solicit a tenth medical expert opinion." (Def.'s Memo. at 5.) However, as Plaintiff points out, it is not the number of medical opinions that matters but rather their timing in relation to the last State agency review. Ultimately, the Court agrees with Plaintiff that substantial medical

8

evidence post-dating the State agency consultants' assessments changed the picture to a degree that remand is necessary so an updated medical expert review can be undertaken. *See Nichole M. S. v. Saul*, No. 19 C 7798, 2021 U.S. Dist. LEXIS 26993, at *41 (N.D. Ill. Feb. 12, 2021) ("In sum, the ALJ erred in relying on outdated opinions of the state agency psychological consultants and on his own lay interpretation of the subsequent mental health records. A remand is required so the ALJ can reevaluate Nichole's mental RFC based upon opinion evidence from psychological experts who have considered the entire record."); *Carlota R.M. v. Saul*, No. 18-cv-2873, 2019 U.S. Dist. LEXIS 125626, at *23 (N.D. Ill. July 29, 2019) ("[T]he ALJ erred by relying on the state agency physicians' consultive opinions because evidence that became part of the record following those assessments could have changed the state agency doctors' medical opinions. It follows that this was not a harmless error.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's neurocognitive disorder is properly assessed and Plaintiff's moderate limitations in concentration, persistence, or pace are properly accounted for.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 11] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order. In keeping with this Order, an updated medical expert review must be undertaken before the ALJ renders a new decision.

**SO ORDERED.**                             **ENTERED:**

*[signature: Maria Valdez]*

**DATE:     December 12, 2023**          _____
                                          **HON. MARIA VALDEZ**
                                          **United States Magistrate Judge**